UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24 CR 00143 AGF |
| | ) | |
| JOSEPH J. FITZSIMMONS, | ) | |
| | ) | |
| Defendant. | ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

**1.    PARTIES:**

The parties are Defendant Joseph J. Fitzsimmons, represented by defense counsel Hardy Menees, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2.    GUILTY PLEA:**

**A.    The Plea:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for Defendant's voluntary plea of guilty to Count I of the Indictment, the Government agrees that no further federal prosecution will be brought in this District relative to the defendant's possession or receipt or distribution of child pornography between March 30, 2023, and March 31, 2023, of which the Government is aware at this time.

1

**B.    The Sentence:**

The parties agree that the recommendations contained herein fairly and accurately set forth some U.S. Sentencing Guidelines that are applicable to this case. The Government agrees to request a sentence of 54 months imprisonment, followed by a term of supervised release to be determined by the Court, and all applicable restitution and assessments. The parties further agree that Defendant may request any sentence authorized by law. The Government's recommendation is contingent upon Defendant's agreement to pay restitution in the amount of $3,000.00, prior to sentencing, to each identifiable victim, pursuant to 18 U.S.C. § 2259(b)(2)(B).   The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations or sentencing recommendations agreed to in this document.

**3.    ELEMENTS:**

As to Count I, Defendant admits to knowingly violating Title 18, United States Code, Section 2252A(a)(5), and admits there is a factual basis for the plea and further fully understands that the elements of the crime of Possession of Child Pornography which he admits to knowingly committing and for which he admits there is a factual basis are: (1) at the times alleged in the Indictment, Defendant knowingly possessed digital files that were visual depictions of child pornography involving prepubescent minors less than twelve years old; (2) Defendant knew that the visual depictions were of minors engaging in sexually explicit conduct; (3) the visual depictions had been transported by computer in interstate or foreign commerce.

**4.    FACTS:**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial.  These facts may be considered as relevant conduct pursuant to Section 1B1.3:

2

In March of 2023, Defendant moved into an apartment at Lutheran Senior Services, an assisted living facility in Webster Groves, Missouri, within the Eastern District of Missouri. On March 30, 2023, a facility employee was helping Defendant set up his Internet connection. She observed an image of a prepubescent girl engaged in sexually explicit conduct on Defendant's computer screen. When Defendant closed that image, a similar image appeared, of a different prepubescent girl. The employee reported her observations to the Webster Groves Police Department. Webster Groves police then obtained and executed a search warrant at Defendant's apartment. They seized thirty-three (33) items of potential evidentiary interest, including, but not limited to, laptop and desktop computers, cameras, USB drives, and iPads. During the execution of the search warrant, Defendant advised that he had been collecting child pornography from the "Tor" network, commonly referred to as the dark web, for about five years.

The seized devices were forensically examined by the St. Louis County Police Department. In total, the examiner identified 170,310 image files and 11,410 video files containing Child Sexual Abuse Material (CSAM), including the following:

- A split-screen video file, fourteen minutes in length, with the title "Pale and Frail." On one side of the split screen, a prepubescent girl in lingerie performs a "strip tease." On the other side of the split screen, a series of increasingly graphic video clips depict numerous prepubescent girls made to engage in sex acts, including oral, anal, and vaginal sexual intercourse. Throughout the video, a childlike female voice is overheard saying "please daddy, make me your fuck toy...face fuck me daddy," and the like.

The examiner further identified 61,821 image files and 2,515 video files depicting possible children, whose ages are difficult to determine, engaged in sexually explicit conduct, as well as

3

16,780 CGI/animated image files and 549 CGI/animated video files depicting sexual abuse of children.

The Internet was, and is, a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files. The Internet is a means and facility of interstate and foreign commerce. Defendant's digital devices upon which he received and possessed child pornography were manufactured outside the state of Missouri and had travelled in foreign and/or interstate commerce prior to or during Defendant's possession of them.

5. **STATUTORY PENALTIES:**

As to Count I, the defendant fully understands that the maximum possible penalty provided by law for the crime of Possession of Child Pornography to which the defendant is pleading guilty is imprisonment of not more than twenty years, and a fine of not more than $250,000. The Court may also impose a period of supervised release of no less than five years, up to Life.

6. **U.S. SENTENCING GUIDELINES: 2023 MANUAL:**

The Defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are U.S. Sentencing Guidelines Total Offense Level provisions that apply.

A. **Chapter 2 Offense Conduct:**

i. **Base Offense Level:** The parties agree that the base offense level is eighteen (18) found in Section 2G2.2(a)(1).

4

ii.      <u>**Specific Offense Characteristics:**</u>  The parties agree that the following Specific Offense Characteristics apply:

(a)      Two (2) levels should be added pursuant to Section 2G2.2(b)(2), because the "material involved a prepubescent minor or a minor who had not attained the age of 12 years."

(b)      Four (4) levels should be added pursuant to Section 2G2.2(b)(4), because the "offense involved material that portrays (A) sadistic or masochistic conduct or other depictions of violence."

(c)      Two (2) levels should be added pursuant to Section 2G2.2(b)(6), because the offense involved the use of a computer or an interactive computer service for the receipt and possession of the material.

(d)      Five (5) levels should be added pursuant to Section 2G2.2(b)(7)(D), because the offense involved more than 600 images.

**B.**      <u>**Chapter 3 Adjustments:**</u>

<u>i.</u>      <u>**Acceptance of Responsibility:**</u> The parties recommend that two levels should be deducted pursuant to Section 3E1.1(a) because Defendant has clearly demonstrated acceptance of responsibility. If the deduction pursuant to Section 3E1.1(a) is applied, then the United States moves to deduct one additional level pursuant to Section 3E1.1(b), because Defendant timely notified authorities of his intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

The parties agree that if Defendant does not abide by all of the agreements made within this document, Defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Section 3E1.1. The parties further agree that Defendant's eligibility for a reduction

5

pursuant to Section 3E1.1 is based upon the information known at the present time and that any actions of Defendant which occur or which become known to the United States subsequent to this agreement and are inconsistent with Defendant's acceptance of responsibility including, but not limited to criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to Section 3E1.1. In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

C.    **Estimated Total Offense Level:**  The parties estimate that the Total Offense Level is twenty-eight (28).

D.    **Criminal History:**  The determination of Defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to Defendant and is substantially available in the Pretrial Services Report.

E.    **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

7.    **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

A.    **Appeal:**  The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

i.    **Non-Sentencing Issues:** The parties waive all rights to appeal all non-

6

jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which Defendant is pleading guilty and whether Defendant's conduct falls within the scope of the statute(s).

   ii.    **Sentencing Issues**: In the event the Court accepts the plea and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, where the Criminal History calculation affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues provided the Court accepts the plea and sentences Defendant within or above the applicable Guidelines range.

   B.    **Habeas Corpus**: Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

   C.    **Right to Records**: Defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

8.    **OTHER:**

   A.    **Disclosures Required by the United States Probation Office**: Defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to

sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

B.    **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

C.    **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon Defendant and may impose special conditions related to the crime Defendant committed. Some of these special conditions may include that Defendant not possess a computer or internet access, that Defendant not have contact with minors without the authorization of the Probation Officer, that Defendant participate in sexual offender counseling and that Defendant not maintain a post office box. In addition, as a condition of supervised release, Defendant shall initially register with the state sex offender registration in Missouri and shall also register with the state sex offender registration agency in any state where Defendant resides, is employed, works, or is a student, as directed by the Probation Officer. Defendant shall comply with all requirements of federal and state sex offender registration laws.

These and any other special conditions imposed by the Court will be restrictions with which Defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require Defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. Defendant understands that parole has been abolished. If, while on supervised release for this case, Defendant commits a new criminal offense under Title 18, United States Code, Chapters 109A, 110 or 117, or Title 18, United States Code, Sections 1201 or 1591, for which imprisonment for a term longer than one year can

8

be imposed, Defendant shall be sentenced on the supervised release revocation to not less than five years and up to the maximum term of life imprisonment.

D.    **Mandatory Special Assessments:**  Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which Defendant agrees to pay at the time of sentencing.  Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, the Court is required to impose an assessment of $5,000 on any non-indigent defendant convicted of an offense under Chapter 110 (relating to sexual exploitation and other abuse of children, including, but not limited to, 18 U.S.C. § 2252A, transportation, distribution, receipt, possession, or access with the intent to view child pornography).

Pursuant to Title 18, United States Code, Section 2259A, Defendant fully understands that for offenses committed on or after December 7, 2018, in addition to any other criminal penalty, restitution or assessment authorized by law, the Court shall impose an assessment for each count of not more than seventeen thousand dollars ($17,000.00).

E.    **Possibility of Detention:**  Defendant shall be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

F.    **Fines, Restitution and Costs of Incarceration and Supervision:**  The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision.  Defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately.  Pursuant to Title 18, United States Code, Sections 3663A and 2259, an order of restitution is mandatory for all crimes listed in Sections 3663A(c) and 2259.  The

9

amount of mandatory restitution imposed shall include all amounts allowed by Sections 3663A(b) and 2259 and the amount of loss agreed to by the parties, including all relevant conduct loss. Pursuant to Section 2259(b)(2)(B), Defendant shall pay no less than $3,000 to any identifiable victim seeking restitution. As of the date of Defendant's guilty plea, the Government has received thirty-seven (37) valid and enforceable requests for restitution, amounting to a statutory minimum of $111,000.00, which Defendant agrees to pay prior to sentencing. Defendant is aware that the Government may receive additional requests for restitution between plea and sentencing. Defendant agrees to pay $3,000 in restitution to each of those additional, identifiable victims, prior to sentencing, to the extent practicable.

G.    **Forfeiture:** Defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States, including, but not limited to the following:

- Evidence item 290-1: Apple iPhone 8 Plus – iOS 16.1.2 – and Anker power hub with wires
- Evidence item 290-2: Apple iPad Pro 12.9" 4th Generation – iPadOS
- Evidence item 290-3: Lenovo laptop model: 20428
- Evidence item 290-4: HP laptop model 14-cb164wm – Gray – SN: 5CD94188BM
- Evidence item 290-5: Dell tower model D11S – PW: 1019 – SN: G4Q01T2
- Evidence item 290-6: Dell tower XPS – Black – SN: 3ZTLRD2
- Evidence item 290-11: Lexar 1GB Platinum II 80x compact flash
- Evidence item 290-12: SanDisk 16GB Extreme III compact flash
- Evidence item 290-13: SanDisk 8GB Ultra II compact flash
- Evidence item 290-14: Infinitive 64GB USB flash drive SN: BN2112582114
- Evidence item 290-15: SanDisk 64GB USB flash drive SN: BN2011581664
- Evidence item 290-16: SanDisk 128GB USB flash drive SN: BP200857936W
- Evidence item 290-17: SanDisk 64GB USB flash drive SN: BN161025673B
- Evidence item 290-18: SanDisk 256GB USB flash drive SN: BQ210258287W
- Evidence item 290-19: SanDisk 128GB USB flash drive SN not legible
- Evidence item 290-20: SanDisk 32GB USB flash drive SN: BM130423461B
- Evidence item 290-21: Easystore 128GB USB flash drive – SN: 8P160826616B
- Evidence item 290-22: PNY 128GB USB flash drive – sticky – no SN
- Evidence item 290-23: Infinitive 64GB USB flash drive – SN: BN190626974B

- Evidence item 290-24: Infinitive 64GB USB flash drive – and black zipper bag
- Evidence item 290-25: Microsoft Surface 1TB with case and blue keyboard
- Evidence item 290-26: Apple iPad model A1459 – SN: DMPJR2WSF18C
- Evidence item 290-27: Apple iPad 32GB – SN: DMPHND44DVGL
- Evidence item 290-28: Apple iPad 64GB – SN: GB028A6EETV
- Evidence item 290-29: Belkin USB hub with attached Dell USB device
- Evidence item 290-30: SanDisk 8GB USB flash drive – SN: B1130124447B
- Evidence item 290-31: Spectrum WiFi Router MAC: FC:12:63:AA:87:A3
- Evidence item 290-32: Hitron Spectrum modem SN: 2244DASPO3385
- Evidence item 290-33: Kindle tablet with black case

Defendant agrees that said items may be disposed of by law enforcement officials in any manner.

Defendant may reclaim the following items, contingent on the items first being examined and determined by law enforcement to contain no illicit material:

- Evidence item 290-7: Nikon Z9 body with attached lens – SN: 3022385
- Evidence item 290-8: Nikon D300 body with attached lens – SN: 3023322
- Evidence item 290-9: Nikon D3x body with attached lens – SN: 5002303
- Evidence item 290-10: Nikon D850 body with attached lens – SN: 3056502

9.    **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, Defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. Defendant further understands that by this guilty plea, Defendant expressly waives all the rights set forth in this paragraph.

11

Defendant fully understands that the Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. Defendant's counsel has explained these rights and the consequences of the waiver of these rights. Defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant understands that by pleading guilty, Defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply for life. Defendant understands that Defendant must keep said registrations current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person said sex offender registration information. Defendant understands that defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If Defendant resides in Missouri following release from prison, defendant will be subject to the registration requirements of Missouri state law. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following conviction. Defense counsel has advised Defendant of the possible sex offender registration consequences resulting from the plea.

Defendant is fully satisfied with the representation received from defense counsel. Defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which Defendant has requested relative to the Government's case and any defenses.

12

**10.    VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between Defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of Defendant's own free will and that Defendant is, in fact, guilty.

**11.    CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if Defendant commits any crimes, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

13

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, Defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

11/4/24
Date

MICHAEL K. HAYES #61395 MO
Assistant United States Attorney

10/12/2024
Date

JOSEPH J. FITZSIMMONS
Defendant

10/12/04
Date

HARDY C. MENEES #23374 MO
Attorney for Defendant

14